UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lamont Paige, and
Kevin Whitaker

    v.                                  Civil No. 18-cv-670-SM

Robert Hazlewood, Warden, FCI-Berlin,
and RSA FNU Feliciano, Chaplain, FCI-Berlin

### REPORT AND RECOMMENDATION

Plaintiff Lamont Paige has filed a motion for a preliminary injunction (Doc. No. 2). Defendants object (Doc. Nos. 5, 7). The motion has been referred to the undersigned magistrate judge for a hearing, if necessary, and a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background

Paige, a Sunni Muslim incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"), seeks this court's intervention to ensure that he may participate with the Sunni Muslim community in congregational prayer followed by a ceremonial meal on August 22, 2018 to celebrate Eid al Adha. Paige asserts that the chapel was locked on the date of Eid al Adha in 2017, and that no ceremonial meal was offered to Sunni Muslims on that date. Paige asserts that his contacts with defendant Warden Robert Hazlewood have led

Paige to conclude that no preparations have been made this year to allow Sunni Muslim inmates to celebrate Eid al Adha. Paige requests that this court order the warden to comply with Federal Bureau of Prisons ("BOP") policies and regulations, concerning the accommodation of inmate religious practices, by permitting chapel services and ceremonial meals on Eid al Adha.

Defendants argue that the motion is moot, as it is premised on Paige's mistaken belief that prison officials have not taken steps consistent with BOP regulations and policies to schedule Eid al Adha events at FCI-Berlin. Defendants represent that necessary preparations have been made, that a ceremonial meal and chapel services have been scheduled for August 22, 2018, and that a sign-up sheet for inmates has been posted and will remain open through August 10, 2018. See Doc. No. 7. Exhibits filed by defendants show that plaintiff Paige is among the inmates granted accommodations to attend the events. See Doc. Nos. 7-1, 7-2. Associate Warden Cully Stearns's declaration avers that co-plaintiff Kevin Whitaker and other inmates who sign up by August 10 will also be allowed to take part. See Doc. No. 7-1.

## Discussion

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

2

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). Irreparable harm and the likelihood of success weigh most heavily in the analysis. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

This court held two case management telephone conferences on the record, on August 3 and 6, 2018, relating to the motion for a preliminary injunction. Plaintiffs stated in those calls that although they had received Document No. 7, they had not received Document No. 5 and all of defendants' exhibits. The court took steps to make plaintiffs aware of the contents of the pertinent filings and exhibits in both conference calls, and then invited plaintiffs to raise any concerns they might have regarding defendants' proffered evidence.

Plaintiff Whitaker expressed concern that the sign-up sheets might not be sufficiently clear and legible, such that inmates might not know whether, and how, to sign up for the August 22 events, and he asked whether inmates would need to make individual requests for work accommodations for the holy day. Associate Warden Cully Stearns's declaration, Doc. No. 7-

3

1, supplemented by his statements on the record in the August 6, 2018 conference call, indicate that inmates may find out about, and sign up for, the August 22 events through a sign-up sheet posted by the chapel which will remain open through August 10, 2018; through information on TRULINCS; through information and a sign-up sheet that will be available to inmates attending the August 10, 2018 Jumu'ah services; and/or by contacting the chaplain or Associate Warden Stearns directly.  Stearns further asserted that town-hall meetings have been held in each of the prison's units, to let inmates know about the Eid al Adha events.  Defendants have represented that the names of inmates who sign up by August 10, 2018 will be entered into FCI-Berlin's Sentry database so that they will be excused from work on August 22, 2018, without their having to ask for such leave individually.  See Doc. Nos. 7-1, 7-2.

Plaintiff Paige expressed a concern that prison officials, unless enjoined from doing so, could cancel the August 22 Eid al Adha events, citing safety and security issues.  Plaintiff pointed out that in 2017, the chapel was locked on Eid al Adha, and that prison officials cited safety and security as the reason why.  Defendants responded that BOP regulations and policies allow prison officials to restrict attendance at religious ceremonies for prison safety and security reasons, see

4


28 U.S.C. §§ 548.10(b), 548.18; see also BOP Program Statement P5360.09 ¶¶ 7, 16 (Doc. No. 5-1).

"A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).  Absent any showing of bad faith, and without any grounds for finding that current conditions in the prison are likely to result in prison officials acting as they did under conditions that existed a year ago, events that occurred in 2017 do not provide an adequate evidentiary basis for this court to conclude that injunctive relief is needed to avoid irreparable harm this year. Accordingly, the district judge should deny the preliminary injunction motion (Doc. No. 2), without prejudice to plaintiffs' ability to file a new motion if they become aware of evidence indicating that the events at issue will not be held as scheduled.

## Conclusion

For the foregoing reasons, the district judge should deny plaintiff Paige's motion for preliminary injunction (Doc. No. 2) without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 8, 2018

cc:  Lamont Paige, pro se
     Kevin Whitaker, pro se
     T. David Plourde, Esq.