UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lamont Paige

    v.                                      Case No. 18-cv-670-SM

FCI-Berlin Warden Robert Hazlewood,
(former) FCI-Berlin Religious
Services Assistant FNU Feliciano,
and FCI-Berlin Chaplain FNU Thompson

**REPORT AND RECOMMENDATION**

    This court's September 30, 2019 Order granted plaintiff Lamont Paige's motion to amend the complaint (Doc. No. 19), in which Paige sought leave to add a demand for money damages to this action, and to add new claims for damages against the current Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin") chaplain, Mr. Thompson, and existing defendant FCI-Berlin Warden Robert Hazlewood. The September 30, 2019 Order further dismissed all of the claims that had been asserted in this case by plaintiff Kevin Whitaker, who is no longer a party in this case.

    The court liberally construes the filing docketed as plaintiff's "Motion to Amend Complaint" and its exhibit, "Declaration of Lamont Paige," to be the Amended and Supplemental Complaint (Doc. Nos. 19, 19-1). The Amended and Supplemental Complaint is before this court for preliminary

review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).[1]  In the Order issued simultaneously with this Report and Recommendation, the court directs service upon new defendant Chaplain Thompson and directs defendants to file an answer or other response to the three new claims Paige has asserted, which are summarized in that Order as Claims 4-6.[2]

In the Amended and Supplemental Complaint, in addition to Claims 4-6, Paige asserts new claims for negligent infliction of emotional distress and intentional infliction of emotional distress.  Plaintiff has not alleged, however, that he has suffered any physical symptoms resulting from the emotional distress, and he has not pleaded any non-conclusory facts regarding the severity of the emotional distress he has suffered.  He has thus failed to state claims upon which relief can be granted under state law for negligent or intentional infliction of emotional distress arising in New Hampshire, or under the Federal Tort Claims Act.  See Tessier v. Rockefeller,

---

[1] In conducting this preliminary review, the court applies the standard set forth in the July 31, 2018 Order (Doc. No. 4, at 2-3).

[2] At this preliminary stage of the case, the court declines to address the appropriate disposition of the federal constitutional claims upon which plaintiff presently seeks damages, deeming that matter appropriately considered only after the court has the benefit of briefing from the parties as to whether damages are available under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

162 N.H. 324, 342, 33 A.3d 1118, 1132 (2011); Morancy v. Morancy, 134 N.H. 493, 496, 593 A.2d 1158, 1160 (1991); see also 28 U.S.C. § 1346(b)(1).  Accordingly, the district judge should dismiss the negligent and intentional infliction of emotional distress tort claims asserted in the Amended and Supplemental Complaint.

## Conclusion

For the foregoing reasons, the district judge should dismiss the tort claims asserted in the Amended and Supplemental Complaint (Doc. Nos. 19, 19-1).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation  within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 2, 2019

cc:  Lamont Paige, pro se
     Kevin Whitaker, pro se
     Michael T. McCormack, Esq.