UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lamont Paige

                                        Case No. 18-cv-670-SM
        v.                              Opinion No. 2021 DNH 144

Warden, FCI Berlin and (former
Religious Services Assistant,
Jose Hohmann-Feliciano

O R D E R

     Lamont Paige, who is an inmate at FCI Berlin and is
proceeding pro se, brings claims against FCI Berlin Warden
Hazlewood and former Chaplain Feliciano, alleging violations of
the Religious Freedom Restoration Act ("RFRA"), the free
exercise clause of the First Amendment, and the equal protection
clause of the Fifth Amendment.[1]  Hazlewood and Feliciano move for
summary judgment.  Paige objects.

Standard of Review

     "Summary judgment is appropriate when the moving party
shows that 'there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law.'"
Joseph v. Lincare, Inc., 989 F. 3d 147, 157 (1st Cir. 2021)

---

[1] Paige's claims have been narrowed through preliminary review
and subsequent motion practice.  Another inmate has been
dismissed as a plaintiff.

1

(quoting Fed. R. Civ. P. 56(a)).  In making that determination, the court construes the record in the light most favorable to the nonmoving party.  <u>Thompson v. Gold Medal Bakery, Inc.</u>, 989 F.3d 135, 141 (1st Cir. 2021).  To avoid summary judgment, the nonmoving party "must adduce specific facts showing that a trier of fact could reasonably find in his favor" and "cannot rely on conclusory allegations, improbable inferences, acrimonious invective, or rank speculation."  <u>Id.</u>  Summary judgment is required if a party fails to make a sufficient showing to establish an essential element of his case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

<u>Background</u>

Paige is a practicing Sunni Muslim.  The prison allows Sunni Muslims to perform daily prayers as practiced in their religion and to gather on Friday afternoon for prayer in the chapel.  In addition to the regular Friday afternoon prayer, on Friday, September 1, 2017, there was an additional prayer gathering scheduled for 9:30 a.m. to celebrate the Sunni Muslim holy day of Eid al-Adha.

The morning prayer for Eid al-Adha was cancelled that morning because of a security emergency.  At the end of August, the prison learned through an investigation that inmates might have hidden weapons in the recreation yard near the Native

American sweat lodge and the handball court.  On September 1,
the warden ordered a search of the recreation yard and the
Native American sweat lodge.

The prison officer conducting the search asked Feliciano to
help him because of Feliciano's knowledge of what articles might
be legitimate Native American religious articles rather than
weapons.  Because Feliciano was the only Religious Services
staff person scheduled to work that Friday morning, he had to
close the chapel and cancel the scheduled programs while he
helped with the search.  The schedule resumed that afternoon,
and the Sunni Muslims held their weekly Friday afternoon
prayers.

The Religious Services Department at the prison also
arranges ceremonial meals for religious observances.  To
schedule a ceremonial meal, the religious group was required to
make a request sixty days prior to the holy day.  When Feliciano
had not received a request from the Sunni Muslim members for a
ceremonial meal on Eid al-Adha, he met with members in early
June of 2017 to remind them of the deadlines.  He also asked an
inmate representative of the Sunni Muslim community about
meeting with Food Services.  Despite those efforts, no
ceremonial meal was requested or scheduled for Eid al-Adha.[2]

---

[2] Although Paige states that the defendants did not post a
notice for Eid al-Adha, the defendants provided a copy of the

In August of 2017, the Assistant Food Services
Administrator and Feliciano met with a Muslim community
representative about scheduling a ceremonial meal.  They agreed
on October 1, 2017, which was the Muslim holy day
Ashura/Muharram.  Notice was provided of that meal, but no
inmates signed up.  The meal was canceled because of a lack of
interest.[3]

Paige brought a variety of claims arising from the
cancellation of the prayer gathering and the lack of a
ceremonial meal on Eid al-Adha.  Following preliminary review
and motion practice the remaining claims are as follows:

> 1.  Warden Hazlewood and (former) FCI-Berlin Chaplain
> Feliciano violated Paige's rights under the Religious
> Freedom Restoration Act ("RFRA"):
>
> a. By failing to allow the FCI-Berlin chapel to be
> open to Sunni Muslims for prayer on September 1, 2017, to
> mark the holy day of Eid-al-Adha; and
>
> b. By failing to offer a ceremonial meal on September
> 1, 2017, to celebrate Eid-al-Adha.

---

notice that was posted.  Paige provides no evidence to show,
contrary to the evidence provided by the defendants, that a
notice was not posted.

[3] Paige states that no one was interested in the meal on
October 1 because that was not the holy day of Eid al-Adha.  The
defendants provided affidavit evidence that no one expressed
interest in scheduling a meal on September 1, Eid al-Adha.  And,
despite the initial interest for a meal on Ashura/Muharram, no
one signed up to attend.

2.  Chaplain Feliciano and Warden Hazlewood violated
Paige's rights under the First Amendment Free Exercise
Clause:
>     a.  By failing to allow chapel facilities to be open
>     to Sunni Muslims for prayer on September 1, 2017, to
>     mark the Muslim holy day of Eid-al-Adha; and
>
>     b.  By failing to offer a ceremonial meal on
>     September 1, 2017, to celebrate Eid-al-Adha.

3.  Chaplain Feliciano and Warden Hazlewood violated
Paige's Fifth Amendment equal protection rights by allowing
other religious groups to observe their holy days while not
allowing Sunni Muslims to celebrate Eid-al-Adha for two
years.  (Limited to 2017)

## Discussion

Paige contends that the cancellation of the morning prayer
gathering on September 1, 2017, and the lack of a ceremonial
meal for Eid Al-Adha violated his rights under the Religious
Freedom  Restoration Act ("RFRA") and the First Amendment.  He
further contends that his right to equal protection under the
Fifth Amendment was violated because other religious groups were
allowed to celebrate their holidays in 2017.  Hazlewood and
Feliciano move for summary judgment on the ground that Paige
cannot prove his claims.

## A.  RFRA Claim

Under RFRA, "'[g]overnment shall not substantially burden a
person's exercise of religion even if the burden results from a
rule of general applicability,' unless the government

'demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2)is the least restrictive means of furthering that compelling governmental interest.'" Holt v. Hobbs, 574 U.S. 352, 357 (2015) (quoting 42 U.S.C. §§ 2000bb-1(a) & (b)).  A plaintiff asserting a RFRA claim bears the burden of showing that the defendants substantially burdened "a sincere religious exercise." Perrier-Bilbo v. United States, 954 F.3d 413, 431 (1st Cir. 2020).  "[N]ot every imposition or inconvenience rises to the level of a 'substantial burden.'" Id. at 432.

    1.  Prayer Gathering

For purposes of the motion for summary judgment, the defendants accept that cancellation of the prayer gathering on September 1, 2017, put a substantial burden on Paige's exercise of his religion and that the prayer gather was a sincere religious exercise.  They contend, however, that the need to search the prison's exercise area and the Native American sweat lodge for weapons and the need for Feliciano's help in the search, which left the chapel unstaffed, was a compelling governmental interest that excuses the burden placed on Paige's exercise of his religion.  In response, Paige contends that because prison officials knew about the security issue before

September 1, there was no emergency on that day that required
the search.

Prison security is a compelling governmental interest.  See
Dunn v. Ray, 141 S. Ct. 725 (2021) (Justice Kagan, concurring);
Holt v. Hobbs, 574 U.S. 352, 362 (2015); Atomanczyk v. Texas
Dep't of Criminal Justice, 2021 WL 2915030, at *15-*16 (S.D.
Tex. July 12, 2021) (holding that prison safety and security
were compelling governmental interests in context of prisoner's
ability to attend communal prayer service); Hudson v. Spencer,
335 F. Supp. 3d 190, 201 (D. Mass. 2018).  In considering
matters of prison safety and security, the court defers to the
experience and expertise of prison officials in carrying out
measures and procedures.  Cutter v. Wilkinson, 544 U.S. 709, 723
(2005) (considering standard in context of Religious Land Use
and Institutionalized Persons Act).  To carry their burden,
defendants must show that the action taken with respect to the
plaintiff furthered prison safety and security and was the least
restrictive means of doing so.  Holt, 574 U.S. at 363.

In this case, the prayer gathering for Eid al-Ahad was
cancelled because of a security issue, which was information
that weapons had been hidden in the recreation yard near the
Native American sweat lodge.  Although Paige may be suggesting
that no emergency existed, he provides no evidence to counter
the affidavits provided by the defendants to show that the

search of the recreation yard and the sweat lodge was necessary
that morning for safety and security in the prison.  The record
provides no grounds to presume that the defendants conducted the
search in order to cancel the prayer gathering.  Instead, record
evidence supports the contrary conclusion that the search was
necessary because of the security issue, and the deference due
the prison officials who made that decision further supports
that conclusion.

Therefore, the defendants have carried their burden of
showing that the prayer gathering was cancelled because of
prison safety and security.  Under the circumstances, where
Feliciano's knowledge was necessary to conduct the search and no
staff was available to maintain the chapel schedule in his
absence, the temporary closure of the chapel, which reopened in
time for afternoon prayer, was the least restrictive means
available of dealing with the security emergency.  The
defendants have carried their burden of showing that
cancellation of the prayer gathering on Eid al-Adha did not
substantially burden Paige's exercise of his religion in
violation of RFRA.  The defendants are entitled to summary
judgment on Claim 1(a).

2.  Ceremonial Meal

No ceremonial meal was scheduled for EID al-Adha on
September 1, 2017, because no one made that request.  When a
meal was scheduled for Ashura/Muharram on October 1, 2017, no
one signed up to attend, so the planned meal was cancelled.
Paige makes no showing that at the relevant time he was
interested in either meal.

Under the circumstances presented, Paige has not shown that
his religious exercise was burdened by the lack of a ceremonial
meal on Eid al-Adha.  Cf. Knight v. Shults, 2019 WL 1065154, at
*5 (S.D. Miss. Feb. 11, 2019) (finding grounds for RFRA claim
where inmate properly requested Muslim ceremonial meal, which
was approved with a specified menu, but on the day of the meal
the menu was changed).  Here, no inmate, including Paige,
indicated any interest in having a ceremonial meal on Eid al-
Adha.  For that reason, no meal was scheduled.  Therefore, Paige
has not shown that the defendants imposed a substantial burden
on his exercise of his religion.  The defendants are entitled to
summary judgment on Claim 1(b).


B.  First Amendment

"'[A] prison inmate retains those First Amendment rights
that are not inconsistent with his status as a prisoner or with
the legitimate penological objectives of the corrections

9

system,' including the right to the free exercise of religion."
Gray v. Hanks, 20-cv-152-PB, 2021 WL 2593613, at *2 (D.N.H. June
8, 2021) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)).
For the reasons stated above in the context of the RFRA claims,
Paige has not shown that cancellation of the prayer gathering or
the lack of a ceremonial meal for Eid al-Adha were restrictions
that violated his right to exercise his religion.  The
defendants are entitled to summary judgment on Claim 2.


C.  Equal Protection

     In his third claim, Paige contends that the defendants
violated his right to equal protection under the Fifth Amendment
by allowing other religious groups to observe their holy days in
2017 but not allowing the Sunni Muslims to observe Eid al-Adha.
To prove a claim for violation of the right to equal protection,
a plaintiff must show that that he was selectively treated,
compared to others who were similarly situated, and that the
selective treatment was based on an impermissible reason, such
as religion.[4]  Aponte-Ramos v. Alvarez-Rubio, 783 F.3d 905, 908
(1st Cir. 2015).  To be similarly situated, the circumstances in

---

[4] Fifth Amendment equal protection claims have the same
elements as equal protection claims under the Fourteenth
Amendment.  Gonzales-Maldonado v. MMM Healthcare, Inc., 693 F.3d
244, 247 n.2 (1st Cir. 2012).

other incidents used for comparison must be similar in all
relevant respects.  Id. at 909.

Paige alleges that the defendants allowed other religious
groups to observe their holy days while preventing observance by
Sunni Muslims.  Paige does not allege, far less provide proof,
that other religious groups were allowed to observe a holy day
in the chapel on the morning of September 1, 2017, when the
Sunni Muslim prayer gathering was cancelled.  He also does not
allege, or provide proof, that other religious groups were
allowed to conduct observances of holy days despite a conflict
with a security emergency such as that which occurred on
September 1, 2017.  Further, the record establishes that the
Sunni Muslims did observe holy days at the prison, such as
Ramadan, and were encouraged to observe Eid al-Adha and
Ashura/Muharram.

Therefore, Paige has provided no evidence to support his
claim under the Fifth Amendment.  The defendants are entitled to
summary judgment on Claim 3.


## Conclusion

For the foregoing reasons, the defendants' motion for
summary judgment (document no. 63) is granted.

The clerk of court shall enter judgment accordingly and
close the case.


11

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 10, 2021

cc:  Lamont Paige, pro se
     Michael T. McCormack, AUSA